

Shawn P. Naunton
PARTNER
Zuckerman Spaeder LLP
snaunton@zuckerman.com
646.746.8655

July 30, 2025

**VIA ECF**

The Honorable Margaret M. Garnett
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Roelcke v. Shoshani et al.*, Case No. 25-cv-03199-MMG
             <u>Defendants' Letter-Motion Regarding Plaintiff's Refusal To Participate In Discovery</u>

Dear Judge Garnett:

      We represent Defendants Itai Shoshani, Zip Aviation, LLC, and Manhattan Helicopters, LLC in this action and respectfully submit this letter-motion pursuant to Your Honor's Individual Rules I(B)(1) and II(B)(4) seeking the Court's guidance on how to address Plaintiff's stated refusal to participate at all in discovery.

      As background, at the initial conference on July 10, 2025, Plaintiff's counsel requested a stay pending resolution of Plaintiff's motion for judgment on the pleadings, which Your Honor denied on the record. Later that day, Plaintiff filed a letter-motion again requesting a stay (ECF 15), which Defendants opposed (ECF 16). Shortly thereafter, Your Honor issued a scheduling order in the case, which set forth various discovery deadlines (ECF 18). Your Honor also ordered a referral to Magistrate Judge Gorenstein for a settlement conference, which has been scheduled for August 7, 2025 (ECF 17, 19).

      Pursuant to the scheduling order, the parties' initial disclosures were due on July 24, 2025. On that day, Defendants timely served their initial disclosures. Plaintiff did not. On July 28 and again on July 30, Defendants' counsel contacted Plaintiff's counsel to advise them that they had missed the deadline and to ask when Defendants could expect to receive Plaintiff's initial disclosures. On July 30, Plaintiff's counsel finally responded, stating: "As we have not yet received a response from the Court re our motion to stay discovery, we will address the issue in the event that the settlement conference is unsuccessful."

      Plaintiff's refusal to participate in discovery is unjustified for numerous reasons. First, as Your Honor has not yet ruled on Plaintiff's pending motion for a stay, there is no stay in place and

discovery must proceed according to the deadlines in the scheduling order. Second, Your Honor already denied Plaintiff's first request for a stay. Third, Your Honor issued the scheduling order *after* Plaintiff submitted her second request for a stay, suggesting that the deadlines in the scheduling order are firm notwithstanding Plaintiff's pending motion. Fourth, the scheduling order itself states that "[t]he use of any alternative dispute resolution mechanism does not stay or modify any date in this Order" (emphasis in original). In short, Plaintiff's refusal to participate in discovery is baseless at best, and an intentional violation of Your Honor's directives at worst.

Defendants bring this issue to the Court's attention now so that it can be addressed promptly and before Plaintiff's noncompliance begins to materially prejudice Defendants. At present, Plaintiff has only missed the deadline for initial disclosures. If Plaintiff's behavior continues, she will miss the deadlines for service of initial document requests, interrogatories, and more. Defendants respectfully request that the Court order Plaintiff to participate in discovery, serve her initial disclosures promptly, and meet all upcoming discovery deadlines set forth in the scheduling order.

Respectfully submitted,

/s / Shawn P. Naunton

Shawn P. Naunton

cc: Counsel of record (via ECF)

---

GRANTED. At the Initial Pretrial Conference on July 10, 2025, the Court denied Plaintiff's request to stay discovery pending the resolution of its Motion for Judgment on the Pleadings. Mere hours later, Plaintiff renewed that request on the same grounds presented during the conference (Dkt. No. 15). Essentially that letter-motion is a motion for reconsideration of the Court's oral ruling at the conference, although Plaintiff did not acknowledge it as such in the letter-motion. Because the letter-motion does not meet the standard for reconsideration, and even if it did the Court would deny reconsideration, the request for a stay of discovery is again DENIED. Accordingly, there is no basis whatsoever for Plaintiff's refusal to comply with the Court-ordered discovery schedule in this case. Plaintiff is hereby ORDERED to comply with the discovery deadlines set forth in the Scheduling Order and Case Management Plan (Dkt. No. 18) and to serve initial disclosures by no later than **August 8, 2025**.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 15 and 21.

SO ORDERED. Dated: August 6, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE