

October 30, 2025

**VIA ECF**
Hon. Margaret M. Garnett, U.S.D.J.
United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Roelcke v. Shoshani et al
      No. 1:25-cv-03199-MMG

Dear Judge Garnett,

Please be advised that this office represents Plaintiff in the above-captioned matter. I write this letter in accordance with Your Honor's Individual Rules and Practices II(B)(4) to respectfully request reconsideration of the Court's Order dated October 29, 2025 (Dkt. No. 35), which granted Defendants' discovery letter-motion concerning Plaintiff's deposition (ECF Nos. 32, 33). We address each point in turn, and we thank the Court for its attention to this letter motion.

**1. Counsel's Unavailability Due to Religious Observance:** Plaintiff's counsel regrets not responding to Defendants' letters dated September 29 and October 2, 2025 (ECF Nos. 32, 33). The meet-and-confer correspondence and our response deadline fell during the Jewish High Holy Days. In particular, Rosh Hashanah was observed from September 22–24, 2025, and Yom Kippur on October 1–2, 2025. During these dates, Plaintiff's counsel was out of office for religious observance and was unable to reply timely. This absence was not for lack of diligence or intent to ignore the Court's schedule, but due to an unavoidable religious obligation. We sincerely apologize to the Court and opposing counsel for the lapse in communication. Had we been available, we would have promptly addressed Defendants' letters. We respectfully submit that this constitutes good cause for the earlier non-response, and we ask the Court to excuse the delay under these circumstances.

**2. Request for Remote Deposition of Plaintiff:** Plaintiff respectfully requests permission to appear for her deposition via remote means (videoconference), rather than in person. Ms. Roelcke is not a citizen of the United States, currently resides abroad, and requiring her to travel to New York for an in-person deposition would impose substantial hardship in terms of international travel, cost, and logistics (from an immigration perspective). Fed. R. Civ. P. 30(b)(4) expressly allows depositions to be taken "by telephone or other remote means" with court approval. Courts in this District routinely permit remote depositions, especially where traveling would pose undue burden and where a videoconference deposition can adequately protect all parties' rights. See *SEC v Aly*, 320 F.R.D. 116, 118-19 (S.D.N.Y. 2017). In *SEC v. Aly*, for example, the court ordered a deposition to proceed by videoconference, calling it "frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides." Here, Defendants will not be prejudiced

by a remote deposition. Plaintiff is willing to proceed by Zoom (or any platform the parties agree on), with a court reporter and videographer present, ensuring that defense counsel can fully examine Plaintiff as if in person. Given modern videoconference technology and the fact that this is a discovery deposition (not live trial testimony), an in-person appearance is not necessary for a fair examination. We remain willing to work with Defendants on technical logistics and to accommodate reasonable scheduling to account for time zone differences. In sum, allowing Plaintiff's deposition to go forward remotely will alleviate the significant hardship of international travel while still fully preserving Defendants' ability to question her under oath, and we respectfully ask the Court to so order pursuant to Fed. R. Civ. P. 30(b)(4).

**3. Leave to Depose Defendant Itai Shoshani:** Plaintiff further requests leave to depose Defendant Itai Shoshani prior to the close of discovery on December 5, 2025. Plaintiff mistakenly believed that discovery would be extended in light of the fact that as of the prior deadline, Defendants' motion to amend their pleading was still pending. We respectfully seek a brief window to conduct this deposition. In particular, we propose November 18, 2025 (or another date convenient for Mr. Shoshani and counsel) for his deposition. This date is **before** the December 5 cutoff, and we can complete the deposition without impacting any other case deadlines. We will confer with Defendants' counsel regarding availability and are prepared to coordinate in good faith to ascertain a date workable for all. Allowing this deposition will not prejudice Defendants — Mr. Shoshani is already a party and presumably anticipated being deposed during discovery. Indeed, Defendants will similarly benefit from the completion of mutual depositions, which will clarify the factual record. If the Court prefers, Plaintiff is also amenable to a modest extension of the discovery deadline solely for the purpose of taking Mr. Shoshani's deposition, but we do not believe an extension should be necessary as our proposed date is ahead of the current deadline. This request is made to preserve Plaintiff's right to obtain testimony from a key party witness and to ensure a complete discovery record.

**4. Good Faith, Willingness to Cooperate, and Lack of Prejudice:** Plaintiff and her counsel affirm that we have at all times endeavored to act in good faith and to cooperate with both Defendants' and the Court's directives. The recent missteps were not born of dilatory intent, but rather unusual circumstances (religious unavailability) and logistical challenges. We remain fully committed to moving this case forward expeditiously. We intend to confer with Defendants' counsel to promptly reschedule Plaintiff's deposition (seeking to do so remotely to avoid further delay) and are proactively seeking to schedule Defendant's deposition.

Granting the relief requested herein will not cause any cognizable prejudice to Defendants. Both depositions can be completed in short order, within (or marginally beyond, if allowed) the discovery period. There is no trial date set yet, and no deadlines other than discovery will be affected. Defendants have not even submitted their amended pleading yet. By contrast, strictly enforcing an in-person requirement or refusing to allow Mr. Shoshani's deposition would severely prejudice Plaintiff's ability to litigate her claims on the merits. Our requests are narrow, reasonable, and aimed at ensuring both sides have the necessary testimony while accommodating practical realities. Plaintiff has been and remains willing to accommodate Defendants' scheduling needs and to stipulate to any reasonable protections (for example, if Defendant Shoshani prefers to be deposed remotely as well, we would have no objection).

In short, Plaintiff has demonstrated good faith and diligence. We respectfully submit that the modest relief sought here is in the interest of justice and will leave all parties on equal footing, with no unfair advantage or delay.

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its October 29, 2025 Order and grant the following relief: (a) permit Plaintiff Katharina Roelcke to appear for her deposition via videoconference rather than in person; and (b) permit Plaintiff to take the deposition of Defendant Itai Shoshani on November 18, 2025 (or another date convenient for the parties) prior to the December 5, 2025 discovery deadline.

We are available to address any questions or to appear for a conference, should Your Honor deem it helpful. Thank you for your consideration of this request.

Thank you for the Court's attention to this matter.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC
/s/Zack Holzberg
Zack Holzberg

Cc: Counsel for Defendants (via ECF)

GRANTED in part and DENIED in part. Plaintiff's request for the Court to reconsider its October 29, 2025 Order (Dkt. No. 35) is DENIED. While the Court is mindful of Plaintiff's counsel's religious observance, more than four weeks have elapsed since the holidays referenced by Plaintiff's counsel and Plaintiff did not address Defendants' letters at any time during that four-week period, when the Court's rules require a response to a discovery letter-motion within two business days. Plaintiff also has not met the standard for a motion for reconsideration, which must "set forth matters or controlling decisions which the moving party believes the court has overlooked." Local Rule 6.3. Finally, even if the Court were to reconsider its decision, Plaintiff has not set forth sufficient evidence of hardship such that a denial of Defendants' request to take Plaintiff's deposition in-person in the district where the case was filed would be warranted.

Plaintiff's request to take the deposition of Defendant Itai Shoshani is GRANTED. The Court notes that Plaintiff's request is highly untimely and in keeping with an apparent pattern of disregard for the discovery deadlines in this case. *See* Dkt. No. 38 at 2. However, given the Court's "strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), and the stay of the parties' deadline to submit summary judgment letters, *see* Dkt. No. 35, the Court will allow the deposition of Mr. Shoshani during this extended discovery period. Given the untimely nature of Plaintiff's request and to avoid any potential prejudice to Defendants, the deposition may only take place **after** Plaintiff's deposition is completed.

SO ORDERED. Dated November 3, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

3