USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHARINA ROELCKE,

Plaintiff,

-against-

ITAI SHOSHANI, et al.,

Defendants.

25-CV-03199 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Katharina Roelcke brings suit against Defendants Itai Shoshani, Zip Aviation LLC, and Manhattan Helicopters LLC, for breach of the parties' settlement agreement (the "Agreement"). Defendants assert counterclaims for breach of contract and fraudulent inducement. Dkt. No. 64. Before the Court is Plaintiff's motion for summary judgment on her breach-of-contract claim and Defendants' counterclaims. Dkt. No. 100. For the reasons set forth below, Plaintiff's motion is DENIED as to her breach-of-contract claim and Defendants' fraudulent inducement claim. The Court reserves decision on Plaintiff's motion regarding Defendants' breach-of-contract claim, pending further submissions.

The Court assumes familiarity with the underlying facts. Plaintiff moved for summary judgment on September 25, 2026, Dkt. No. 100, and at the request of Defendants, the Court stayed Defendants' deadline to respond to Plaintiff's motion, stating it would "issue an appropriate order once it has reviewed Plaintiff's motion," Dkt. No. 107..[1]

## I. LEGAL STANDARD ON SUMMARY JUDGMENT

Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123 (2d Cir. 2014)..[2] A genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Where, as here, the party opposing summary judgment bears the burden of proof at trial, summary judgment should be granted if the moving party can point to an absence of

[1] The Court refers to Plaintiff's memorandum of law in support of her motion for summary judgment, Dkt. No. 101, as "Mot." The Court refers to the exhibits appended to Plaintiff's Rule 56.1 Statement as they are marked and referenced therein, *e.g.*, Dkt. No. 102-1 is referred to as "Ex. A."

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

evidence to support an essential element of the nonmoving party's claim." *Gemmink v. Jay Peak Inc.*, 807 F.3d 46, 48 (2d Cir. 2015).

In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party." *Overton v. N.Y. State Div. of Mil. & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004). The court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). To defeat a motion for summary judgment, a non-moving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in his pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible," *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996), but "[a] motion for summary judgment must be rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016).

## II. PLAINTIFF'S MOTION IS DENIED IN PART

### A. Summary Judgment Is Denied on Plaintiff's Breach-of-Contract Claim

Plaintiff argues she is entitled to summary judgment on her breach-of-contract claim because Defendants withheld an amount of liquidated damages from their settlement payment without the purportedly necessary prior judicial finding that Plaintiff had breached the Agreement. Mot. at 12; *see id.* at 13 ("[A]ny attempt by Defendants to withhold payment or offset the settlement balance under the guise of [the Agreement's] liquidated damages provision constitutes an independent, unilateral breach.").

The Court has repeatedly rejected the premise underlying Plaintiff's argument. In denying Plaintiff's motion for judgment on the pleadings, the Court explained, "[w]hile the [Agreement] is clear that only a court of competent jurisdiction can ultimately determine liability for breach and liquidated damages, *it does not address the circumstance here: who is to hold the disputed funds until such determination can be made*." Dkt. No. 49 (emphasis added); *see also* Dkt. No. 94 at 5–6 (rejecting the same argument in denying Plaintiff's motion to dismiss Defendants' counterclaims). Plaintiff offers nothing new by way of argumentation or caselaw that alters the Court's previous conclusion. Accordingly, whether Defendants breached the Agreement by withholding the liquidated damages amount from the settlement payment is a question to be resolved at trial. *See U.S. for Use of N. Maltese & Sons, Inc. v. Juno Constr. Corp.*, 759 F.2d 253, 255 (2d Cir. 1985); *Daigle v. W.*, 225 F. Supp. 2d 236, 248 (N.D.N.Y. 2002) ("[W]hether a breach of a contract has occurred is a question of fact that cannot properly be resolved in the context of a motion for summary judgment.").

### B. Summary Judgment Is Denied on Defendants' Fraudulent Inducement Counterclaim

Plaintiff contends that Defendants' fraudulent inducement counterclaim fails because according to Plaintiff, there is no evidence that she knew her representation concerning her ability to enter the United States for trial was false. Mot. at 24. Specifically, Plaintiff claims that her immigration attorney testified that she advised Plaintiff that Plaintiff could "request special temporary permission to enter [the United States] for the purpose of participating in [her] federal court case," Ex. N at 49:4–16, which "may have given her the impression that she could enter." *Id.* at 60:3–13.

Plaintiff's argument fails because the testimony she selectively cites paints an incomplete picture. Plaintiff's immigration attorney also testified, *inter alia*, that she (i) informed Plaintiff "if [Plaintiff] would depart the U.S. that she would effectively be abandoning her T visa case and would be subject to the ten year bar," *id.* at 33:15–18; (ii) "remind[ed] her she was subject to the bar and . . . told her that . . . she could . . . show medical documentation . . . [to] allow her to appear remotely," *id.* at 35:14–20; (iii) advised Plaintiff "she could be detained or put into secondary inspection" upon reentry, *id.* at 43:8–9; and (iv) "reminded [Plaintiff] that she couldn't legally reenter the U.S." to reregister her car, *id.* at 44:17–22. And when asked whether "all of the advice that [she] gave Plaintiff [was] to the effect that [Plaintiff] would have an issue entering the United States and that she was banned for ten years," Plaintiff's immigration attorney answered in no uncertain terms, "Yes. That is overall correct." *Id.* at 60:19–61:2. In addition to other circumstantial evidence, these statements are more than sufficient to allow a trier of fact to conclude that Plaintiff knew she could not legally enter the United States when she represented otherwise. Given that the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford*, 391 F.3d at 83, Plaintiff is not entitled to summary judgment on this counterclaim..[3]

### C. The Court Reserves Decision on Plaintiff's Motion for Summary Judgment on Defendants' Breach-of-Contract Counterclaim

Lastly, Plaintiff contends that summary judgment is warranted in her favor on Defendants' breach-of-contract counterclaim, because first, Defendants' counterclaim rests on a confidentiality provision that does not comport with the requirements of New York General Obligations Law ("GOL") § 5-336 and N.Y. C.P.L.R. ("CPLR") § 5003-b, and second,

---

[3] Plaintiff's argument that the fraudulent inducement counterclaim fails because Defendants have no cognizable fraud damages, *see* Mot. at 27–28, does not save her motion. Mr. Shoshani testified at his deposition that he would have settled for "a significantly lower amount" had he known Plaintiff was unable to appear for a trial in the United States "in order to not [] deal with the damage to [his] business, and [his] reputation, and in order to protect [his] family and close ones, and [his] clientele." Ex. M at 33:22–34:16. Accordingly, the Court finds that Defendants have sufficiently demonstrated a material issue of fact regarding whether Defendants suffered any losses as a result of Plaintiff's alleged fraudulent inducement of the Agreement. Whether Defendants are able to prove damages with a reasonable certainty, and the precise amount of those damages, are questions for trial.

Defendants have no admissible evidence that Plaintiff disclosed the terms of the Agreement to anyone. Mot. at 16–22.

"If [a] settlement resolves claims of discrimination and includes a non-disclosure or confidentiality provision, then both N.Y. Gen. Oblig. Law ('GOL') § 5-336 and N.Y. C.P.L.R. ('CPLR') 5003-B apply." *Separ v. Cnty. of Nassau*, No. 2:21-CV-00010 (OEM) (JMW), 2025 WL 51206, at *2 (E.D.N.Y. Jan. 8, 2025). At the time of the Agreement's execution, GOL Section 5-336 provided that "any term or condition that would prevent the disclosure of the underlying facts and circumstances to the claim or action" may not be included in a settlement agreement unless: (i) the complainant has twenty-one days to consider such term; (ii) after the twenty-one days, the parties memorialize in writing that the term is the complainant's preference; and (iii) the complainant has seven days thereafter to revoke the agreement. GOL § 5-336(1)(a)–(b). CPLR Section 5003-b imposes the same requirements on the resolution of "any claim or cause of action . . . the factual foundation for which involves discrimination," whether resolved "by agreed judgment, stipulation, decree, agreement to settle, assurance of discontinuance or otherwise," and likewise provides that "the agreement shall not become effective or be enforceable until such revocation period has expired." N.Y. C.P.L.R. § 5003-b.

Here, the Agreement's confidentiality provision has two components, only one of which arguably seeks to "prevent the disclosure of the underlying facts and circumstances to the claim or action." GOL § 5-336(1)(a). Under Section 6.1 of the Agreement, the parties agreed to "keep the terms of th[e] Agreement strictly confidential," whereas under Section 6.2, the parties agreed to "prohibit[] from discussing with members of the press or any third parties for any reason whatsoever the Action, the Agreement, or any of the other Parties to the Action." *See* Ex. D at 6. As GOL Section 5-336 and CPLR Section 5003-b only apply to terms that would "prevent the disclosure of the underlying facts and circumstances to the [Underlying Action]," they are arguably only relevant to Section 6.2, and the confidentiality provision in Section 6.1—that the parties are prohibited from disclosing the terms of the Agreement itself—falls outside the scope of both statutes. *See Hadzijic v. Art Food LLC*, No. 24-CV-07205 (LGS) (GWG), 2025 WL 2886104, at *6 (S.D.N.Y. Oct. 10, 2025) (language barring plaintiff from disclosing "the terms of this Term Sheet" did not implicate GOL § 5-336), *report and recommendation adopted*, 2026 WL 102895 (S.D.N.Y. Jan. 14, 2026). As Defendants' breach-of-contract counterclaim is based on Plaintiff's alleged violation of Section 6.1 by disclosing its confidential terms to a third party, the New York statutes do not foreclose Defendants' breach-of-contract counterclaim..[4]

---

[4] Plaintiff also argues that Defendants fail to identify any damages flowing from the breach. Mot. at 23. That argument is unavailing. Mr. Shoshani testified that the liquidated damages provision was meant to compensate him for the "harm to [his] business, [his] reputation, [his] waste of time," Ex. M at 61:19–20, and that as a "direct result of [Plaintiff's] breach," he lost business. *Id.* at 138:2–25; *see also, e.g.*, *id.* at 124:25–125:6 ("I do have cases where I did have clients that when they found out about information about our settlement, called me to ask me about them, and . . . some of them I never heard from again."); *id.* at 139:17–21 ("I have lost customers. They don't come back to me and say that they don't want to be associated with me as a result of the breach, but I have definitely had customers that did not want to be associated with this."); *id.* at 140:10–14 ("Q. Are you claiming that as a result of Ms. Roelcke's alleged breach that your businesses have lost revenue? A. Yes."). Accordingly, Defendants have more than adequately demonstrated that they can establish damages sustained as a result of Plaintiff's breach, *cf. Rubin v. Napoli Bern Ripka Shkolnik, LLP*, 179 A.D.3d 495, 496 (1st Dep't 2020),

Plaintiff also asserts that summary judgment is independently warranted on the contractual counterclaim because there is no admissible evidence that Plaintiff disclosed the Agreement's terms to anyone. Mot. at 18. The Court finds Plaintiff's arguments on this point potentially meritorious..[5] By no later than **December 3, 2026**, Defendants shall file a memorandum of law, not to exceed five pages, along with any necessary exhibits, explaining why Plaintiff is not entitled to summary judgment on Defendants' breach-of-contract counterclaim due to a lack of admissible evidence to establish the breach..[6] Plaintiff may file a reply of no more than three pages by **December 10, 2026**. If Defendants are electing to proceed to trial only on the second theory of breach, *see supra* n.6, they shall so state.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment at Dkt. No. 100 is DENIED in part. The Court has reviewed the requested sealed material and concluded that the interest in preserving the confidentiality of the Agreement is sufficient to overcome the presumption in favor of public access to judicial proceedings and documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (noting there is no established presumption of access to the terms of a settlement agreement).

The parties shall comply with the pre-trial deadlines set forth in Dkt. No. 98.

---

and as with Defendants' fraudulent inducement counterclaim, the amount of damages flowing from Plaintiff's alleged breach is to be determined at trial.

[5] To be clear, as to *Plaintiff's* breach-of-contract claim, Mr. Shoshani could testify about what he was told about Plaintiff's revelations to a third party and such testimony would not be hearsay because the statements of others would be admitted only for what Mr. Shoshani believed and why, and not for the underlying truth of those statements. However, on *Defendants'* breach-of-contract claim there must be admissible evidence that Plaintiff disclosed the settlement terms to someone, and it is not immediately apparent to the Court what non-hearsay evidence could establish that fact.

[6] Plaintiff contends that Defendants' second theory of breach—that Plaintiff violated Section 6 when her counsel referred to the liquidated damages figure in a memorandum of law filed in this action—fails as a matter of law. Mot. at 22–23. The Court disagrees. First, the Court has already rejected Plaintiff's argument that GOL Section 5-336 and CPLR Section 5003-b bar Defendants' breach-of-contract counterclaim. Second, Plaintiff's reliance on Section 6.1, which allows disclosure of the Agreement's terms "as may be necessary to enforce the obligations of th[e] Agreement," *id.* at 22, is misplaced. Contrary to Plaintiff's assertion that she could not sue to recover the amount withheld without disclosing that number, Plaintiff could have sought to file the memorandum of law under seal or filed a version redacting the actual amount. Finally, that *Defendants* purportedly placed the Agreement's terms on the public docket does not invalidate *Plaintiff's* breach of the confidentiality provision.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 99 and 100.

Dated: November 19, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge